# UNITED STATES DISTRICT COURT
for the
Eastern District of California

**FILED**
Jun 27, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Search of )
)
United States Postal Service Priority Mail )
Express Parcel EI 150 326 895 US addressed ) Case No.   2:22-sw-0442 DB
to "Miel, 2029 Mount McKinley Ct., Modesto, )
CA 95358" )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the ____Eastern____ District of ____California____, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 843(b), 846 | Distrib. of controlled substances; use of mails for drug trafficking; conspiracy |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

- ☒ Continued on the attached sheet.
- ☐ Delayed notice __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Jedediah Tyler
*Applicant's signature*

Jedediah Tyler, USPIS Postal Inspector
*Printed name and title*

Sworn to me and signed telephonically.

Date: June 27, 2022

City and state: Sacramento, California

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

**Affidavit of United States Postal Inspection Service Inspector**

I, Jedediah Tyler, being duly sworn, hereby depose and state:

**Purpose**

1. This affidavit is made in support of a search warrant for the United States Postal Service ("USPS") Priority Mail Express Parcel:

    a. EI 150 326 895 US addressed to "Miel, 2029 Mount McKinley Ct., Modesto, CA 95358" (hereinafter referred to as "**THE PARCEL**").

2. **THE PARCEL** is in the temporary custody of the United States Postal Inspection Service ("USPIS") and is described more particularly in Attachment A, which is attached hereto and fully incorporated herein.

3. Based on the information provided in this affidavit, it is my opinion that there is probable cause to believe that **THE PARCEL** contains evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. § 841(a)(1) (distribution, and possession with intent to distribute, a controlled substance), 21 U.S.C. § 843(b) (illegal use of the mails in furtherance of narcotic trafficking), and 21 U.S.C. § 846 (attempt and conspiracy to commit the foregoing offenses). The evidence, fruits, and instrumentalities to be searched for and seized are more fully described in Attachment B, which is attached hereto and incorporated fully herein.

**Agent Background**

4. I have been a Postal Inspector since January 2020. I am currently assigned to the Stockton Domicile, San Francisco Division, of the United States Postal Inspection Service. During my tenure, I completed training at the United States Postal Inspection Service Basic Inspector Training in Potomac, MD. As part of my official duties, it is my

responsibility to investigate violations of federal and state law, including robbery and burglary of postal facilities, destruction of government property, theft of U.S. Mail, possession of stolen U.S. Mail, mail and bank fraud, credit card fraud, identify theft, and unlawful transportation of contraband, including firearms, controlled substances, and proceeds of the sale of controlled substances through the U.S. Mail.  Through my training, experience, and interaction with other experienced Postal Inspectors and other drug trafficking investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs; to collect and conceal drug-related proceeds; to communicate with other participants to accomplish such objectives; and to use the mail to conduct their illegal operations.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## STATEMENT OF PROBABLE CAUSE

A.   **Parcel Identification**

6. On June 22, 2022, law enforcement conducted a profiling operation at the West Sacramento Processing and Distribution Center (P&DC) and identified **THE PARCEL**, which was shipped out of Havre De Grace, Maryland on June 21, 2022.

7. During a records check, law enforcement noticed several anomalies that, based on their training and experience, are characteristic of parcels containing narcotics and/or proceeds of narcotics trafficking.  Those anomalies are described in more detail, below.

8. Law enforcement detained **THE PARCEL** and secured it at the Sacramento Domicile of the United States Postal Inspection Service, which is located in the Eastern District of California.

B.     **Shipment Anomalies**

9. During an examination of **THE PARCEL**, law enforcement noticed anomalies that, based on their training and experience, were characteristic of parcels that contain controlled substances and/or proceeds of narcotics trafficking.

10. For example, based on my training and experience, I am aware that the state of California is a source for illegal narcotics shipments. Furthermore, I am aware that the state of Maryland is a destination for illegal narcotics shipments from northern California, and that proceeds from these illegal narcotic shipments are often mailed back to northern California. Here, **THE PARCEL** was mailed from a USPS facility located in Havre De Grace, Maryland and was destined for an address in Modesto, California.

11. **THE PARCEL** was sent by Priority Mail Express. Priority Mail Express parcels are assigned a tracking number that allows the sender, recipient, or anyone else with the tracking number to identify the parcel's location in the mail stream at any point from mailing to delivery. In my training and experience, parcels containing illegal contraband are often sent by Priority Mail Express to expedite delivery and to monitor the parcel during shipment via the tracking system.

12. **THE PARCEL** has a waiver of signature. A waiver of signature indicates that the sender wants the package to be delivered whether or not the recipient is home at the time of delivery. In my training and experience, this tactic is routinely used to prevent law enforcement from determining the actual identity of the parcel recipient.

13. **THE PARCEL** did not have telephone numbers listed on the mailing label for either the sender or the recipient. This lack of information could prevent either party from being contacted by law enforcement. In my training and experience, this factor can be indicative of illicit activity, as senders and recipients of narcotics and/or proceeds do not typically want to provide contact information that might be used by law enforcement.

14. **THE PARCEL** was mailed from Havre De Grace, Maryland, 21078 (Harford County), and it displayed a return address in Aberdeen, Maryland, 21001 (Harford County). Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know that persons shipping narcotics and/or narcotics proceeds through the US mail system routinely utilize post offices and/or mailing facilities in zip codes different from the zip code of their residence in order to minimize exposure to law enforcement.

15. Moreover, USPS records confirmed the transaction for **THE PARCEL** was completed in cash. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics/narcotics proceeds through the U.S. Mail often pay in cash to remain anonymous to law enforcement.

16. In addition, **THE PARCEL** was observed to be heavily taped around the seams. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics/narcotics proceeds through the U.S. Mail often use heavy tape as to eliminate any odor from emanating out of the box.

17. A search for the return address for **THE PARCEL**—which was listed as "Mitchell, 27 Poplar Grove Ave., Aberdeen, MD 21001"—was conducted, using Thomson Reuters CLEAR, an online public and proprietary records database used by law enforcement and government agencies to verify names and addresses. The search confirmed that this is a valid address. No names appear to be currently associate with the address, however. A further search for a "Mitchell" in Aberdeen, Maryland, was conducted resulting in 781 possible matches to the last name.

18. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics/narcotics proceeds through the U.S. Mail often provide fictitious and/or partial

addresses (or will provide false or incomplete names) to remain anonymous to law enforcement.

19. A search for the recipient address for **THE PARCEL**—which was listed as "Miel, 2029 Mount McKinley Ct., Modesto, CA 95358"—was conducted using CLEAR. The search confirmed that this is a valid address. A further search for a "Miel" in Modesto, California, was conducted and indicated that a Marvin Miel Soriano associated to 2805 Temescal Drive, Modesto, California, 95355 in August 2015. However, law enforcement was unable to determine whether any "Miel" associates to the address listed on **THE PARCEL**. Again, based on my training and experience, I know that individuals who traffic controlled substances/proceeds using the U.S. Mail will often use fictitious or partial names or addresses in order to remain anonymous to law enforcement.

20. On June 22, 2022, multiple telephone calls were attempted to numbers associated to the intended recipient addresses. (209) 818-9673 was called and an individual answered but hung up immediately. Further calls were not answered and went directly to voicemail. A voicemail was left on (209) 496-3621 requesting a call back. (559) 674-5400 was contacted but the location was a business, and they did not recognize the recipient's name. As of June 23, 2022, no telephone call backs have been received regarding **THE PARCEL**.

C.   **Narcotic Detection Canine Sniff**

21. On June 22, 2022, Task Force Officer (TFO) Emily Lombardo used her narcotic-detection trained canine named "Farley" to sniff **THE PARCEL**. At the time, **THE PARCEL** was located at the USPIS Sacramento Domicile, located in Sacramento, CA. TFO Lombardo located a particular area within the facility that would accommodate a canine sniff search, and she proofed the area to ensure Farley would only alert to the odors for which he is trained.

22. **THE PARCEL** was then placed among other office equipment and parcels. TFO Lombardo accompanied Farley to the general area where the parcel was located. Farley

5

searched the area without being lead or directed.  Farley alerted on **THE PARCEL** at approximately 1017 hours.

23. On September 24, 2021, TFO Lombardo was assigned Farley.  Farley is a Labrador Retriever selected from a specialty trainer in Lincoln, California.  Farley was born in September 2016.  Farley is a single-purpose working canine, trained in the area of narcotics detection under the instruction of Greg Tawney, owner/operator of D-Tac K9 Detection and Tactics, Placerville, California.  Greg Tawney is a retired police sergeant with the Elk Grove Police Department and has over 15 years of experience with police canines and is a POST canine Certifier.  Farley and TFO Lombardo have no less than 120 hours of specialized training from D-Tac K9 Detection and Tactics in the detection of marijuana, cocaine, heroin, and methamphetamine.  Farley and TFO Lombardo completed POST required training and, are POST certified by officer Jay Davis of the Citrus Heights Police Department on October 28, 2021, as being proficient in the detection of narcotic substances in high, low, and buried locations.  On February 12, 2020, Farley completed/passed annual California Narcotics Canine Association ("CNCA") as being proficient in the detection of narcotics substances from buildings and vehicles.  The POST requires annual certification and CNCA certification included the detection of cocaine, heroin, methamphetamine and marijuana.  Training is ongoing for Farley and TFO Lombardo.

24. Farley's alert consists of physical and mental reactions, which include heightened emotional state, pawing, or a deliberate sit at the area or object he smells the drug odor coming from.  Farley has successfully completed training exercises where known controlled substances, containers, or paraphernalia were hidden, to include parcels, the interior and exterior of motor vehicles, and storage lockers.  Farley also conducts regular proofing exercises to ensure that he does not alert to regular, non-narcotics-associated odors including, but limited to, food, plastic bags and wrap, tape, and other items.  Proofing is a method used in training to ensure the canine alerts only to the odors for which it is trained to alert.  Farley has also been proofed using circulated and non-circulated U.S. currency.  Drug proceeds that have been recently subjected to, or stored

with, one of the narcotic substances Farley is trained to detect will be grossly contaminated. This odor, in residual form (billionths of a gram), is present on everyday circulated currency but not in the amount Farley has been trained to detect.

25. With his prior handler, Farley has previously alerted on United States Mail parcels. Farley's alerts have cumulatively resulted in the seizure of over $5,594,854 dollars in U.S. Currency (drug proceeds), including no less than $25,000 in money orders (drug proceeds). With respect to contraband, Farley has alerted on approximately 202 pounds of marijuana, 198 grams of cocaine, 41 grams of heroin, 5.2 pounds of methamphetamine, and 8 grams MDMA. To date, Farley has been the affiant canine in over 120 federal search warrants.

26. Based on these facts, it is the opinion of TFO Lombardo and your affiant that based on Farley's alert—along with the anomalies identified above—**THE PARCEL** contains drugs, paraphernalia or currency that has been recently subjected or stored with one of the narcotics substances Farley is training to detect and is thus contaminated.

D.     **Methods and Means of Using the United States Mail**

27. Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mail to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances and/or proceeds from controlled substances include, but are not limited to, the following:

    a. It is common practice for shippers of the controlled substances to use Priority Mail Express and Priority Mail because the drugs arrive at the destination more quickly and on a predictable date. Priority Mail Express and Priority Mail, when paired with a special service such as delivery confirmation, allow traffickers to monitor the progress of the shipment of controlled substances. Traffickers pay for

the benefit of being able to confirm the delivery of the parcel by checking the Postal Service Internet website and/or calling the local post office.

b. Packages containing controlled substances or proceeds have, in many instances, a fictitious return address, incomplete return address, no return address, a return address that is the same as the addressee address, or a return address that does not match the place from which the parcel was mailed. These packages are also sometimes addressed to or from a commercial mail receiving agency (*e.g.*, Mail Boxes Etc.). A shipper may also mail the parcel containing controlled substances from an area different from the return address on the parcel because: (1) the return address is fictitious or (2) the shipper is attempting to conceal the actual location from which the parcel was mailed. These practices are used by narcotics traffickers to hide from law enforcement officials the true identity of the persons shipping and/or receiving the controlled substances or proceeds.

c. Individuals involved in the trafficking of controlled substances through the United States Mail will send and receive Express or Priority mailings on a more frequent basis than a normal postal customer. Drug traffickers use Priority Mail Express and Priority Mail at a higher rate due to their frequent exchanges of controlled substances and the proceeds from the sale of these controlled substances.

d. In order to conceal the distinctive smell of controlled substances from narcotics detection dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all seams. In addition, the parcels often contain other smaller parcels which are carefully sealed to prevent the escape of odors. Perfumes, coffee, dryer sheets, tobacco, or other substances with strong odors are also sometimes used to mask the odor of the controlled substances being shipped. Drug traffickers often use heat/vacuum sealed plastic bags, and/or re-sealed cans in an attempt to prevent the escape of orders.

    e. California is typically a source state for drugs, especially methamphetamine and marijuana. It is common for individuals in California to mail parcels containing narcotics to other states and then receive mail parcels containing cash payments in return.

28. Based on my training and experience, I know that parcels shipped by drug traffickers sometimes contain information and documentation related to the sales and distribution of controlled substances. The documentation can include, but is not limited to, information and instructions on the breakdown and distribution of the controlled substances at the destination; information on the use and effects of the various controlled substances; information about the actual sender; pay/owe sheets; and information and instructions for ordering future controlled substances.

29. Drug traffickers who use the United States Mail and other carriers as a means of distributing controlled substances, paraphernalia, and proceeds, and as a means of communicating with co-conspirators often include the following in parcels relating to their trafficking activity, all of which are evidence, fruits, proceeds, and/or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846:

    a. Controlled substances, including heroin, cocaine, methamphetamine, and marijuana.

    b. Packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

    c. Records reflecting the mailing or receipt of packages through Priority Mail Express, Priority Mail, Federal Express, UPS or any other common carrier.

    d. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including financial records related to the

    laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

e. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

f. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

g. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

[NOTHING FOLLOWS ON THIS PAGE]

**Conclusion**

30. Based on the facts set forth in this affidavit, I believe there is probable cause that evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846 are concealed in **THE PARCEL**. Accordingly, I respectfully request the issuance of a search warrant authorizing the search of **THE PARCEL** described in Attachment A and the seizure of the items described in Attachment B.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

/s/ Jedediah Tyler
Jedediah Tyler
Postal Inspector - United States Postal Inspection Service

Sworn to me and subscribed telephonically on June  27, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

Approved as to form:

Aaron D. Pennekamp
Assistant U.S. Attorney

11

## ATTACHMENT A

*Description of the Parcel to be Searched*

One Priority Mail Express parcel measuring approximately 11" x 8.5" x 5.5" and weighing approximately 5 lbs. 2 oz., affixed with tracking number EI 150 326 895 US.  **THE PARCEL** is addressed to "Miel, 2029 Mount McKinley Ct., Modesto, CA 95358" with a return address of "Mitchell, 27 Poplar Grove Ave., Aberdeen, MD 21001".  **THE PARCEL** bears a postage strip with meter number R2303S100231-03 in the amount of $86.05 mailed from ZIP Code 21078 on June 21, 2022, located on the upper right corner of **THE PARCEL**.

**THE PARCEL** is currently in my possession in the Eastern District of California.



**ATTACHMENT B**

*List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

1. Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings

of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of ) <br> ) <br> United States Postal Service Priority Mail Express ) <br> Parcel EI 150 326 895 US addressed to "Miel, 2029 ) <br> Mount McKinley Ct., Modesto, CA 95358" ) <br> ) | Case No.  2:22-sw-0442 DB |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the    Eastern    District of    California
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before    July 11, 2022    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern District of California.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐   for   30   days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of                          .

Date and time issued:   June 27, 2022 at 12:11 p.m.

City and state:    Sacramento, California                          *[signature]*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____   _____
Signature of Judge                                               Date

**ATTACHMENT A**

*Description of the Parcel to be Searched*

One Priority Mail Express parcel measuring approximately 11" x 8.5" x 5.5" and weighing approximately 5 lbs. 2 oz., affixed with tracking number EI 150 326 895 US.  **THE PARCEL** is addressed to "Miel, 2029 Mount McKinley Ct., Modesto, CA 95358" with a return address of "Mitchell, 27 Poplar Grove Ave., Aberdeen, MD 21001".  **THE PARCEL** bears a postage strip with meter number R2303S100231-03 in the amount of $86.05 mailed from ZIP Code 21078 on June 21, 2022, located on the upper right corner of **THE PARCEL**.

**THE PARCEL** is currently in my possession in the Eastern District of California.



**ATTACHMENT B**

*List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

1. Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings

of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.